**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 1:14-cv-03158-REB-KLM

MIGUEL A. ROMERO and MARIA ROMERO

    Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY a/k/a STATE FARM INSURANCE COMPANIES

    Defendant.

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

**Blackburn, J.**

This matter is before me on the **Motion To Remand** [#29][1], filed March 6, 2015. The defendant filed a response [#37], and plaintiff filed a reply [#40]. I grant the motion.

### I. JURISDICTION

I have putative jurisdiction over this case under 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), an action may be removed to federal district court if it is one over which the district court would have had original jurisdiction. Where the basis of removal is allegedly diversity of citizenship, the parties must be completely diverse, and the amount in controversy must exceed 75,000 dollars, exclusive of interest and costs. *See* 28 U.S.C. § 1332. In the Tenth Circuit, a defendant seeking to remove a

---

[1] "[#29]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

case from state court must "affirmatively establish in the petition [for removal] that the amount in controversy exceeds the statutory requirement." **Laughlin v. Kmart Corp.**, 50 F.3d 871, 872 (10th Cir. 1995). Because the complaint in this case does not recite a specific dollar amount of recovery sought, the burden is on the defendant, as the removing party, to establish by a preponderance of the evidence that the jurisdictional amount is satisfied. **Martin v. Franklin Capital Corp.**, 251 F.3d 1284, 1290 (10th Cir. 2001).

In this circumstance, the removing party must show contested factual assertions in the case that make it possible that at least 75,000 dollars is at issue. **McPhail v Deere & Co.**, 529 F.3d 947, 954 - 955 (2008). "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id*. at 955 - 956. A defendant who has filed a notice of removal asserting diversity jurisdiction "is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake. If the amount is uncertain, then there is potential controversy, which is to say that at least 75,000 dollars is in controversy in the case." *Id*. at 954. In addition to the allegations in the complaint, a variety of additional means are available to a defendant to meet this burden of proof. *Id*. at 954 - 956. As required by **McPhail**, I have considered carefully the allegations in the complaint [#6] and the allegations in the notice of removal [#1].

### III. ANALYSIS

The plaintiffs, Michael and Maria Romero, assert in their complaint [#6] claims based on the alleged unreasonable delay and denial of workers compensation benefits for Mr. Romero. The defendants removed this case from the District Court of Boulder County, Colorado, on the basis of diversity of citizenship. Under 28 U.S.C. § 1332(a), a

federal district court has jurisdiction over a case involving claims under state law if there is complete diversity of citizenship between the plaintiff and the defendant and "the matter or controversy exceeds the sum or value of 75,000 dollars, exclusive of interest and costs . . . ."  The defendant contends this court has diversity jurisdiction over this case and would have had such jurisdiction if this case had been filed initially in this court.  It is undisputed that there is diversity of citizenship between Mr. Romero and his wife, residents of Colorado, and the defendant, State Farm Fire and Casualty Company (State Farm), an Illinois Corporation.  The plaintiffs contend, however, that the defendant has not shown affirmatively that the amount in controversy exceeds 75,000 dollars.  Absent such a showing, the defendant has not demonstrated that this court has diversity jurisdiction over this case.

The notice of removal attempts to establish that the jurisdictional minimum is satisfied primarily by reference to the **Civil Case Cover Sheet** [#1-5] filed by the plaintiffs in state court.  On the **Civil Case Cover Sheet**, the plaintiffs indicate that the amount in controversy is in excess of 100,000 dollars, including attorney fees, penalties, and punitive damages.  At least five of my colleagues in this district, when confronted with this same issue, have determined that the civil cover sheet, standing alone, is not sufficient to establish the jurisdictional minimum amount in controversy.  ***See, e.g.***, **Humphreys v. American Family Mutual Insurance Co.**, 2008 WL 2787344 at *2 (D. Colo. July 15, 2008) (Daniel, J.); **Magdaleno v. L.B. Foster Co.**, 2008 WL 496314 at *5-*6 (D. Colo. Feb. 19, 2008) (Krieger, J.); **Braden v. Kmart Corp.**, 2007 WL 2757628 at *2 (D. Colo. Sept. 20, 2007) (Babcock, J.); **Ralph v. SNE Enterprises, Inc.**, 2007 WL 1810534 at *1 (D. Colo. 2007) (Miller, J.); **Harding v. Sentinel Insurance Co., Ltd.**, 490 F.Supp.2d 1134, 1135-36 (D. Colo. 2007) (Kane, J.).  As these opinions recognize,

> the election [of the civil cover sheet] is simply too imprecise
> to make the requisite demonstration of the amount in
> controversy for purposes of diversity jurisdiction. . . . From
> this representation, the Court cannot determine what law is
> applicable or whether the plaintiff seeks an amount which
> can be recovered under the applicable law.

*Magdaleno*, 2008 WL 496314 at *6.[2]  When the complaint and notice of removal do not further illuminate these matters, the court may not properly rely on the civil cover sheet alone as proof of the jurisdictional minimum amount in controversy.

Although the defendant vigorously protests that it is not relying *solely* on the representations of the civil cover sheet to make out its jurisdictional claims, the additional matters set forth in their notice of removal [#1] add nothing to its efforts to substantiate that the minimum amount in controversy is satisfied .  Although the defendant points out that the plaintiffs are seeking "additional money for unspecified economic and non-economic damages, unspecified physical impairment allegedly resulting from a delay in benefits, additional unspecified Workers' Compensation benefits, and costs and interest" it is impossible to say that these amounts would cause the amount in controversy to exceed 75,000 dollars.

## IV.  CONCLUSION

Therefore, I find and conclude that the defendant has not established that the requisite jurisdictional minimum amount in controversy for diversity jurisdiction has been satisfied.  Accordingly, the motion to remand must be granted.

---

[2]  An additional reason for refusing to rely on the Civil Cover Sheet alone is that the Civil Cover Sheet is not a pleading and does not contain the certifications required by Fed.R.Civ.P. 11 and C.R.C.P. 11.  *Magdaleno*, 2008 WL 496314 at *5 (noting further that "[r]eference to [the Civil Cover Sheet] in the notice of removal does not cure the problem because the attorney signing the notice of removal necessarily is not the attorney who made the election in the Civil Cover Sheet").

**THEREFORE, IT IS ORDERED** as follows:

1. That **Motion To Remand** [#29], filed March 6, 2015, is **GRANTED**; and

3. That this case is **REMANDED** to the District Court of Boulder County, Colorado (where it was filed initially as Case No. 2014-CV-030909).

Dated January 23, 2016, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge